No. 28,911.

MARY NOVOSEL et al., *Appellees,* v. THE AMERICAN INSURANCE UNION, *Appellant.*

(282 Pac. 584.)

Opinion filed December 7, 1929.

*J. E. McFadden, O. Q. Claflin, Jr.,* both of Kansas City, and *Ross J. Ream,* of Kansas City, Mo., for the appellant.

*Claude L. Peterson* and *Francis E. Howe,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by beneficiaries to recover on a life insurance policy issued by the American Insurance Union to Mike Srakovich. The defense was breach of warranties contained in the application. Plaintiffs recovered, and defendant appeals.

On November 18, 1924, Srakovich applied to the Insurance Union for beneficial membership and for a policy of insurance for $3,000. In the application he said his present occupation was "packing-house worker," he had been so engaged for twenty years, the nature of his employer's business was "Armour Packing Company,"

and his monthly income was $150. He said he was insured in other companies for the amounts named—"Met. $350." He said he had never been rejected for life insurance by any order, association, or company. The application recited that the applicant warranted the statements to be full, true, and correct in every particular, that the warranties were made to induce the Insurance Union to receive him into beneficial membership, and that if any warranty were false or untrue in any particular, the certificate of membership should be void, and the Union should be under no liability to the applicant or to the beneficiaries. In consideration of the application and of the warranties it contained, Srakovich was admitted to beneficial membership in the Union, and it issued to him a policy of insurance for $3,000, payable to plaintiffs. The policy was dated December 5, 1924. The insured died October 1, 1925.

At the time the application was signed Srakovich was not a packing-house worker. The last packing-house work he did was for Morris & Company, who went out of business on January 1, 1923, and Srakovich did no packing-house work after that date.

At the time the application was signed Srakovich had life insurance policies in force to the amount of $8,100. On October 3, 1924, he was rejected for life insurance by the National Reserve Life Insurance Company, and on October 9 he was notified that the medical department could not accept his application for insurance in that company in the sum of $2,000. On January 2, 1923, his application to the Kansas Life Insurance Company for life insurance in the sum of $2,000 was rejected.

The court instructed the jury as follows:

"If you find from the preponderance of the evidence that said Mike Srakovich or Srakotic knowingly made misrepresentations and warranties to the officers or agents of the defendant company, in that he represented and answered in the application that he was working and regularly employed as a packing-house worker earning $150 per month, or represented and answered that the only other insurance carried by him was a policy in the Metropolitan Life Insurance Company in the sum of $350, or represented and answered in the application that he had never been rejected for insurance prior to making the application in question, when in truth and in fact such representations were false and untrue, then and in any of such events, it will be your duty to find for the defendant."

With the general verdict for plaintiffs for $3,000 and interest, the jury returned the following special findings of fact:

"Q. 1. At the time the policy in question herein was issued, was Mike Srakovich working as a packing-house employee? A. No.

"Q. 3. At the time the policy in question was issued, how much insurance did Mike Srakovich have upon his life in favor of his estate or beneficiary? A. $8,100.

"Q. 4. Prior to the time Mike Srakovich made application for policy of insurance sued upon herein, had any previous application for insurance in any company or companies been rejected? A. Yes."

Plaintiff contends the general verdict was justified under the instruction quoted. The word "knowingly" had no place in the instruction. The applicant signed the application, was bound by its recitals, and was bound to know he warranted his statements to be full, true, and correct in every particular. Representations, incorrect but made in good faith, were not involved. (*Sharrer v. Insurance Co.*, 102 Kan. 650, 171 Pac. 622.) The matters warranted were facts within the knowledge of the applicant. They raised no such question as, what kind of cutting amounts to a surgical operation (*Farragher v. Knights and Ladies*, 98 Kan. 601, 159 Pac. 3), what ailment amounts to disease, or similar questions, which an applicant may honestly answer as best he can. When Srakovich said his insurance in other companies consisted of a Metropolitan policy of $350, he had policies of the A. O. U. W., the Woodmen of the World, St. Mary's Lodge, the Prudential Life Insurance Company, the Mid-West Life Insurance Company, and the Metropolitan Life Insurance Company, totaling $8,100, and he had been turned down by two other companies. Apparently his occupation had changed from packing-house worker to insurance company worker. The subject was a material one to defendant, and neither the insured nor his beneficiaries could be heard to say he did not "knowingly" falsify when he warranted the amount of insurance he carried.

It is not necessary to discuss the other two false warranties. The judgment of the district court is reversed, and the cause is remanded with instruction to enter judgment on the findings of fact for defendant.